**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1680**

REBECCA J. RILEY,

　　　　　Petitioner,

　　　　v.

ISLAND CREEK COAL COMPANY; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

　　　　　Respondents.

On Petition for Review of an Order of the Benefits Review Board.  (15-0329-BLA)

Submitted:  April 28, 2017　　　　　　　　　　Decided:  May 5, 2017

Before DUNCAN, AGEE, and THACKER, Circuit Judges.

Petition granted; vacated and remanded by unpublished per curiam opinion.

Timothy C. MacDonnell, Jarryd Smith, Student Caseworker, BLACK LUNG LEGAL CLINIC, Lexington, Virginia, for Petitioner.  Jeffrey R. Soukup, William S. Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky, for Respondent Island Creek Coal Company.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rebecca Riley ("Claimant") petitions for review of the decision of the Benefits Review Board ("Board") affirming the Administrative Law Judge's ("ALJ") decision to deny, on reconsideration, her claim for benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. §§ 901–944 (2012), as the surviving spouse of retired coal miner Robert Riley ("Riley"). For the reasons that follow, we grant Claimant's petition for review, vacate the Board's order, and remand for further proceedings.

Our review of the Board's decision is limited to considering "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the Board and ALJ are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (brackets and internal quotation marks omitted). We "evaluate the legal conclusions of the Board and ALJ de novo but defer to the ALJ's factual findings if supported by substantial evidence." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016). In conducting this analysis, we are obliged to consider "whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained [her] rationale in crediting certain evidence." *Mingo Logan Coal Co. v. Owens*, 724 F.3d 550, 557 (4th Cir. 2013) (internal quotation marks omitted). We may not "substitute our judgment for that of the ALJ," however, and must "defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions." *Harman Mining Co. v. Dir., Office of Workers' Comp. Programs*, 678 F.3d 305, 310 (4th Cir. 2012) (internal quotation marks omitted).

2

On appeal, Claimant argues that remand is required because the ALJ erroneously failed to consider relevant medical evidence related to Riley's final hospitalization in December 2002. Even if any such error does not automatically mandate remand, Claimant argues that the ALJ's failure to consider these probative records was not harmless, as her omission caused her to underestimate the extent of Riley's atrial fibrillation, hypoxemia, and chronic obstructive pulmonary disease. According to Claimant, this error, in turn, impacted the ALJ's determination that Claimant failed to establish that Riley's death was caused or hastened by pneumoconiosis. Island Creek Coal Company ("Employer") counters that any failure to consider these treatment records was harmless because they would not have changed the basis for the ALJ's decision.[*]

We find Claimant's argument persuasive. "The ALJ has a statutory obligation to consider all of the relevant evidence bearing upon the existence of pneumoconiosis and its contribution to the miner's disability [or death]." *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 533 (4th Cir. 1998) (brackets and internal quotation marks omitted); *see* 30 U.S.C. § 923(b). Thus, when considering "whether substantial evidence supports the ALJ's factual determinations, we must first address whether all of the relevant evidence

---

[*] We reject Employer's assertion that Claimant waived appellate review of the Board's dispositive conclusions. Claimant's argument clearly takes issue with the entirety of the Board's decision on the ground that it failed to require the ALJ to adhere to her statutory obligation in reviewing the claim. There is little more Claimant could have said to advance this argument and, although her arguments do not precisely track the Board's reasoning, we find her arguments adequate to preserve appellate review.

3

has been analyzed and whether the ALJ has sufficiently explained [her] rationale in crediting certain evidence." *Hicks*, 138 F.3d at 528

"[E]ven if legitimate reasons exist for rejecting or crediting certain evidence, the ALJ cannot do so for no reason or for the wrong reason." *Addison*, 831 F.3d at 252 (brackets and internal quotation marks omitted). Unless the ALJ "has analyzed all evidence and has sufficiently explained the weight [s]he has given to obviously probative exhibits, to say that [her] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997) (internal quotation marks omitted). "Where an ALJ has incorrectly weighed the evidence or failed to account for relevant record evidence, deference is not warranted and remand is frequently required." *Addison*, 831 F.3d at 253.

The ALJ's analysis demonstrates that she failed to consider the records from Riley's final hospitalization in December 2002, as she erroneously believed that they were not contained in the record before her. The ALJ specifically identified these records as being of particular importance to the parties' central dispute—whether Riley's clinical and legal pneumoconiosis caused, contributed to, or hastened his death. Further, even reviewing these records in light of the record as a whole, we cannot conclude that the December 2002 hospitalization records could not have impacted her evaluation of the competing medical opinions of record or her decision on the penultimate causation issue. We therefore conclude that remand is warranted to permit the ALJ to consider the impact of the records of Riley's final hospitalization on her evaluation of the evidence.

4

In light of this holding, we decline to consider the remainder of the parties' arguments on appeal. Claimant's remaining contentions essentially address the ALJ's bases for weighing the medical opinions and the substantiality of the evidence supporting her findings. Because her decision to accord particular weight to the medical opinions conceivably could be affected by Riley's December 2002 hospitalization records, consideration of Claimant's remaining contentions would be premature at this juncture. We also decline to address Employer's argument that Riley's duplicative requests for modification should not be considered, as we are obliged to "confine our review to the grounds upon which the [Board] based its decision." *E. Associated Coal Corp. v. Dir., Office of Workers' Comp. Programs*, 805 F.3d 502, 510 (4th Cir. 2015); *see Grigg v. Dir., Office of Workers' Comp. Programs*, 28 F.3d 416, 418 (4th Cir. 1994).

Accordingly, we grant Claimant's petition for review, vacate the Board's decision, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION GRANTED;*
*VACATED AND REMANDED*